Daniel Walter CORCORAN, Petitioner,

v.

Don HELLING, Respondent.

No. 05–15359.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided April 27, 2006.

Paul G. Turner, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner.

Rene L. Hulse, Office of the Nevada Attorney General, Las Vegas, NV, for Respondent.

Before: NOONAN, SILER,* and BYBEE, Circuit Judges.

### MEMORANDUM **

In evaluating whether Corcoran's trial counsel was ineffective for failing to file a notice of appeal, the Nevada Supreme Court applied only one-part of the required two-part test in *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Where the state court fails to apply the appropriate stan-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dard, AEDPA's rule of deference does not apply and we review the question *de novo.* *Fernandez v. Roe,* 286 F.3d 1073, 1077 (9th Cir.2002).

■ Corcoran's counsel had no constitutional duty to file a notice of appeal under *Roe v. Flores–Ortega* because there were no non-frivolous grounds for appeal and Corcoran did not reasonably demonstrate to his counsel that he was interested in appealing.

■ In Corcoran's second state petition for writ of habeas corpus, the Nevada Supreme Court affirmed the lower court finding that Corcoran's petition was untimely and that it failed to allege new or different grounds for relief as required by Nev.Rev. Stat. § 34.810. Corcoran has failed to demonstrate that his mental illness precluded him from filing a timely petition or raising all issues in his first habeas petition. Federal habeas is barred where the petitioner cannot "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). There are no underlying facts in dispute that need to be addressed in an evidentiary hearing.

**AFFIRMED.**